UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NAOMI G.,

               Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

21-CV-00495-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 9)

Plaintiff Naomi G.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 6) is granted, and defendant's motion (Dkt. No. 7) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB on January 3, 2017, and for SSI on January 5, 2017, with an alleged onset date of March 30, 2016. (Administrative Transcript ["Tr."] 13, 282-97). The applications were initially denied on April 10, 2017. (Tr. 161-92, 195-210). Plaintiff timely filed a request for an administrative hearing. (Tr. 211-24). On January 25, 2019, Administrative Law Judge ("ALJ") Collin Delaney held a video hearing from Alexandria, Virginia. (Tr. 104-60). Plaintiff appeared in West Seneca, New York, with counsel. A vocational expert also appeared at the hearing. The ALJ issued an unfavorable decision on March 8, 2019. (Tr. 10-37). On February 25, 2021, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). This action followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.  <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process."  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).  First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity."  *Id.* §§404.1520(b), 416.920(b).  If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience."  *Id.* §§404.1520(b), 416.920(b).  Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment."  *Id.* §§404.1520(c), 416.920(c).  To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  *Id.* §§404.1520(c), 416.920(c).  As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations.  *Id.*

§§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is

not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform."  *Carroll*, 705 F.2d at 642.

  III.   *The ALJ's Decision*

Preliminarily, the ALJ determined that Plaintiff's date last insured under the Act was December 31, 2021.  (Tr. 16).  At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity for a continuous twelve-month period, excluding July 2018 through September 2018.  (Tr. 17).  At step two, the ALJ found that Plaintiff had the following severe impairments: bilateral carpal tunnel syndrome; plantar fasciitis; lumber osteoarthritis; bipolar disorder; and anxiety disorder. (Tr. 17).  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 18-20).  Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC and concluded that she can perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she:

> can never climb ladders, ropes or scaffolds; can occasionally climb ramps and stairs; is limited to frequent handling and fingering bilaterally; occasional concentrated exposure to hazards such as dangerous, moving machinery and unprotected heights; is limited to only occasional contact with the general public, frequent contact with coworkers and supervisors; assume that the individual must be allowed to alternate between standing and/or walking and sitting every 45 minutes while remaining on task; would be off-task up to, but not exceeding, 5% of the duty day; and would have up to one unscheduled absence per month.

(Tr. 20-29).

At the fourth step, the ALJ found that Plaintiff is capable of performing past relevant work as a computer operator. (Tr. 29). In the alternative, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 30-31). The ALJ concluded that Plaintiff has not been under a disability since March 30, 2016, her alleged onset date. (Tr. 31).

IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded because the ALJ totally ignored the medical opinion of Dr. Robert Bauer, who performed an independent orthopedic medical evaluation ("IME") of Plaintiff for workers compensation purposes. The Court agrees that the case must be remanded.

On December 30, 2016, Dr. Bauer performed an IME of Plaintiff for workers compensation purposes. (Tr. 801-02). Dr. Bauer was an orthopedist, who opined that Plaintiff "should refrain from any running, lengthy walking, repetitive stair climbing," and should be "allowed to change her positions frequently." (Tr. 802). The ALJ completely ignored this opinion. This was error.

Under the regulations applicable to this case, the ALJ was required to weigh every medical opinion he received. However, in his decision, the ALJ makes no mention of Dr. Bauer's opinion. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); *Pomales v. Berryhill*, 2017 WL 1546476, *3 (W.D.N.Y. May 1, 2017) (remanding where treating physician issued three opinions that plaintiff was "disabled from work" but the ALJ failed to evaluate them, finding that ALJ was required to "explain why he refused to credit [the treating physician's]

findings even though he opined on an issue reserved to the Commissioner"); *Rodriguez v. Barnhart*, 212 F. Supp. 2d 134, 137 (W.D.N.Y. 2002) ("[T]he ALJ failed to evaluate Dr. Donahue's opinions, or attempt to integrate them into his ultimate finding that the plaintiff retained a[n] [RFC] for light work. Indeed, the Commissioner concedes that 'the ALJ unfortunately did not completely fulfill his affirmative obligation to consider and address all the evidence of record.'").[3]

This error is particularly problematic not only because the ALJ was required to evaluate every medical opinion he received, including Dr. Bauer's, but because Dr. Bauer's opinion was that of a specialist and he opined that Plaintiff needed a job that would allow her to change positions frequently – an opinion consistent with Plaintiff's treating chiropractor, who opined that she needed an at-will sit/stand option. (Tr. 1421).

Moreover, the ALJ nowhere explained how he arrived at his specific sit/stand option in his RFC determination, an error that is particularly harmful given that two sources, one examining and one treating, opined that Plaintiff needed either frequent or even at-will position changes. *See Rice v. Colvin*, 2016 WL 7366977, *2 (W.D.N.Y. Dec. 20, 2016) (remanding where "[t]he ALJ's decision does not explain what evidence supports this particular sit/stand option, and the Court can find no support for such a specific restriction in the record"); *Wojciechowski v. Colvin*, 967 F. Supp. 2d 602, 609 (N.D.N.Y. 2013) (remanding where ALJ found that Plaintiff "could need to sit or stand

---

[3] It appears that the ALJ confused Dr. Bauer with the consulting examiner Dr. Robert *Brauer*. In his decision, the ALJ referred to Dr. Brauer as Dr. Bauer, while referring to Exhibit 10F, Dr. Brauer's consulting exam. (Tr. 26).

alternatively without leaving her work station, but it is not clear how he arrived at this conclusion").[4]

In sum, this case must be remanded for consideration of Dr. Bauer's opinion, as well as an explanation from the ALJ as to how he arrived at his specific sit/stand option in his RFC determination.[5]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 6) is granted and defendant's motion for judgment on the pleadings (Dkt. No.7) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated: August 3, 2023
Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge

---

[4] The defendant puts forth several *post hoc* rationalizations in support of the ALJ's decision, but none of these explanations are in the ALJ's decision. "Defendant's after-the-fact explanation as to why the ALJ rejected [the opinions] cannot serve as a substitute for the ALJ's findings." *Merkel v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 241, 249 (W.D.N.Y. 2018) (brackets added) (citing *Hall v. Colvin*, 37 F.Supp.3d 614, 626 (W.D.N.Y. 2014)).
[5] The Plaintiff also argues that the ALJ erred by failing to take account of the most restrictive limitations in the opinion of Dr. Janine Ippolito, the consulting psychiatrist. The defendant should also consider this argument on remand.